IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEVIN DOBBINS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 3:20-CV-00672** |
| | § | **JURY DEMANDED** |
| **FEDERAL RESERVE BANK OF DALLAS,** | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rule 15(a)(1)(B), Plaintiff Kevin Dobbins files this Amended Complaint against Defendant Federal Reserve Bank of Dallas, alleging violation of the Texas Commission on Human Rights Act, TEXAS LABOR CODE Ch. 21 (the "TCHRA"), and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"). Plaintiff requests lost wages, damages, interest, attorneys' fees, and costs for Defendant's unlawful acts.

**I.  PARTIES AND SERVICE**

1. Plaintiff Kevin Dobbins is a resident of Collin County, Texas. At all times relevant, he was a resident of Collin County, Texas.

2. Defendant Federal Reserve Bank of Dallas ("the Bank" or "Defendant") is a privately-owned regional reserve bank located at 2200 North Pearl Street, Dallas, Texas, 75201. The Bank has appeared in this action.

**II.  JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3) (incorporated into the ADA via 42 U.S.C. § 12117) because this matter involves controversies arising under the laws of the United States, namely the ADA.

4. Venue is proper in the Eastern District of Texas, under 42 U.S.C. § 2000e-5(f), and 28 U.S.C. § 1391(b) and (c), because Defendant regularly conducts business in this District and the events forming the basis of the suit occurred in this District.

5. Plaintiff filed a Charge of Discrimination (the "Charge") with the Texas Workforce Commission (the "TWC"), which was dual-field with the U.S. Equal Employment Opportunity Commission (the "EEOC"), on June 15, 2018, alleging disability discrimination. This action was commenced, prior to removal to this Court, in the 134th Judicial District Court of Dallas County, Texas, on February 18, 2019, which was more than 180 days since the Charge was filed.  Thus, all administrative prerequisites have been satisfied or have expired.

### III.   FACTUAL SUMMARY

6.  Defendant employed Plaintiff at its place of business located at 2200 North Pearl Street, Dallas, Texas, 75201.

7. Plaintiff was employed as Senior Manager, End-User Support until his termination on April 3, 2018.

8. Plaintiff suffers from back disabilities sustained when he was in Operation Enduring Freedom in Afghanistan. After his tour, Plaintiff was considered 50% disabled. However, Plaintiff was able to perform the full duties of his job without any accommodations.

9. On January 24, 2018, Plaintiff was in a car accident, which exacerbated his pre-existing disabilities. Plaintiff's nerve, hip, and back pain slowly increased in the weeks following the accident.

10. As Plaintiff's pain increased, Plaintiff's manager, Bryan Williams, approved Plaintiff to work from home intermittently. Every time Plaintiff could not come to work due to numbness and weakness in his legs and/or pain in his back, hip, and nerves, Plaintiff would

inform Mr. Williams via email, text, or phone call before 7:00 AM on those days. Mr. Williams never denied Plaintiff's request to work from home.

11. On February 14, 2018, Plaintiff discussed Short-Term Disability ("STD") leave with Pam Dargalayi, and Ms. Dargalayi suggested Plaintiff take STD on February 20, 2018.

12. Upon the suggestion of Ms. Dargalayi, Plaintiff took STD leave beginning on February 20, 2018.

13. Shortly after Plaintiff's approval of STD, Plaintiff's doctor submitted a return-to-work notice with a date of return of May 8, 2018. On or about the same date, Plaintiff informed Ms. Dargalayi and Mr. Williams that he would potentially be able to return to work after his next follow-up doctor's appointment on April 17, 2018.

14. During his STD leave, Plaintiff kept in regular communication with Ms. Dargalayi, Kim Lusk from HR, Mr. Williams, and IT support personnel working under Plaintiff, including Daphna Freeman, Kevin Cobb, and Joe Gutierrez.

15. After a series of spinal injections on March 26, 2018, Plaintiff informed Mr. Williams and Ms. Dargalayi that he anticipated he might be able to return to work the day after his next visit with his physician on April 17, 2018.

16. On March 29, 2018, Plaintiff emailed Defendant and explained that he might change his treatment plan if the shots proved to be ineffective. In the same email, Plaintiff reminded Defendant about his continued plan to return earlier than May 8, 2018 following his follow-up visit on April 17, 2018, in which he would receive a second set of spinal injections, which would hopefully allow Plaintiff to return to work shortly after that appointment.

17. On April 3, 2018, two weeks before Plaintiff's return to work, Monica Hirsch from HR, along with Mr. Williams, terminated Plaintiff over the phone. Ms. Hirsch stated that

the reason for Plaintiff's termination was "uncertainty" surrounding Plaintiff's return. Plaintiff protested his termination and stated that he would be cleared to return to work as promised the day after his appointment on April 17, 2018. Ms. Hirsch responded that she could not be sure that Plaintiff would return to work.

18. Plaintiff was cleared to return to work by his doctor during his visit on April 17, 2018.

19. Instead of engaging in an interactive dialogue with Plaintiff regarding his request for accommodations to return to work on either May 8, 2018 or April 18, 2018, Defendant terminated Plaintiff.

20. Defendant would not have suffered an undue burden by granting leave to Plaintiff through April 18, 2018.

21. Plaintiff was terminated due to disability discrimination.

22. All conditions precedent have been performed or have occurred.

## V.   CAUSES OF ACTION

**COUNT ONE:   DISCRIMINATION IN VIOLATION OF THE TCHRA**

23. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

24. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the TCHRA.

25. At all times relevant, Defendant was an "employer" and Plaintiff was an "employee," as those terms are defined by the TCHRA.

26. When Plaintiff requested the reasonable accommodation of returning to work on April 18, 2018, Defendant failed to engage in an interactive dialogue with Plaintiff and instead terminated Plaintiff.

27. Plaintiff's discharge was motivated by his disabilities in violation of the TCHRA, including by failing to reasonably accommodate Plaintiff's disabilities and/or being regarded as disabled such that Defendant claimed Plaintiff was unable to perform the essential functions of his job with or without a reasonable accommodation.

28. Plaintiff's discharge was malicious or with reckless indifference to his protected rights.

29. As a direct and proximate consequence of Defendant's violation, Plaintiff has suffered damages.

30. Plaintiff's damages include past and future lost wages, past and future lost medical healthcare benefits, and past and future mental anguish.

31. Plaintiff seeks damages, exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

**COUNT TWO:   DISCRIMINATION IN VIOLATION OF THE ADA**

32. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

33. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the ADA.

34. At all times relevant, Defendant was an "employer" and Plaintiff was an "employee," as those terms are defined by the ADA.

35. When Plaintiff requested the reasonable accommodation of returning to work on April 18, 2018, Defendant failed to engage in an interactive dialogue with Plaintiff and instead terminated Plaintiff.

36. Plaintiff's discharge was motivated by his disabilities in violation of the ADA, including by failing to reasonably accommodate Plaintiff's disabilities and/or being regarded as

disabled such that Defendant claimed Plaintiff was unable to perform the essential functions of his job with or without a reasonable accommodation.

37. Plaintiff's discharge was malicious or with reckless indifference to his protected rights.

38. As a direct and proximate consequence of Defendant's violation, Plaintiff has suffered damages.

39. Plaintiff's damages include past and future lost wages, past and future lost medical healthcare benefits, and past and future mental anguish.

40. Plaintiff seeks damages, exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

## VII.  JURY DEMAND

41. Plaintiff demands a jury trial and has tendered the appropriate fee.

## VIII.  PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award to Plaintiff a judgment against Defendant for:

1. Actual damages;

2. Past and future lost wages;

3. Compensatory and exemplary damages in the maximum amount permitted by law;

4. Equitable relief;

5. Pre- and post-judgment interest;

6. Attorneys' fees; and

7. Costs.

Plaintiff further requests such other relief to which he is entitled in law or in equity.

                Respectfully Submitted,

                */s/ James E. Hunnicutt*
                Jennifer J. Spencer
                Texas Bar No. 10474900
                jspencer@jacksonspencerlaw.com
                James E. Hunnicutt
                Texas Bar No. 24054252
                jhunnicutt@jacksonspencerlaw.com
                M. Neal Bridges
                Texas Bar No. 24092171
                nbridges@jacksonspencerlaw.com
                JACKSON SPENCER LAW PLLC
                Three Forest Plaza
                12221 Merit Drive, Suite 160
                Dallas, Texas 75251
                (972) 458-5301 (Telephone)
                (972) 770-2156 (Fax)

                **ATTORNEYS FOR PLAINTIFF**
                **KEVIN DOBBINS**

## CERTIFICATE OF SERVICE

     I hereby certify that on April 3, 2020, a true and correct copy of the above document was served on Defendant's counsel by the Court's ECF system.

                */s/ James E. Hunnicutt*
                James E. Hunnicutt